**R. E. SHUTT,**

v.

**UNITED STATES of America.**

**No. 14926.**

United States Court of Appeals, Fifth Circuit.

Jan. 7, 1954.

Rehearing Denied Feb. 18, 1955.

---

**11**

William Andress, Jr., Dallas, Tex., for appellant.

John C. Ford, Asst. U. S. Atty., Dallas, Tex., Heard L. Floore, U. S. Atty., Fort Worth, Tex., for appellee.

Before HUTCHESON, Chief Judge, HOLMES, Circuit Judge, and ALLRED, District Judge.

PER CURIAM.

The suit was for the refund of $4,354.93 overpayments on the transportation of freight during the years 1943 and 1944.

The claim was: that the payments were made on the basis of payment vouchers signed by defendant reciting: "I certify * * * and that the rates charged are not in excess of the lowest net rate available for the government based on tariffs effective at the date of the service"; that to the extent of the overpayments this was not true; and that the plaintiff is therefore entitled to recover them.

The answer, while a little more detailed, consists in substance of a denial of plaintiff's claim and a plea of the statute of limitations.

Upon the issues thus joined, the cause was tried to the court without a jury, and there were findings of fact and conclusions of law: that the defendant had submitted vouchers, declaring that the charges made and received by him were not in excess of the lowest net tariffs available for the government; that, on these vouchers, he had received sums in excess of the tariffs in the amounts sued for and thereby made himself liable for their return; that the statutes of limitation had not barred their recovery; and that plaintiff should have judgment therefor.

■■■ Appealing from the judgment entered in accordance with these findings and conclusions, plaintiff is here insisting: (1) that the evidence does not support the finding that the rates were in excess of the lowest net tariff available; (2) that a prerequisite to a judgment is a finding by the Interstate Commerce Commission that the charges were unreasonable; (3) that the claim was barred by the statutory limitation of two years contained in Section 16, Par. 3 of the Act, 49 U.S.C.A. § 16(3) (c); and (4) that it was reversible error to refuse a continuance.

We cannot agree with any of these contentions. Of the first two of these, it is

**12**

sufficient to say that it is without basis in law or in fact. The action of the United States was based upon an agreement in effect providing that the charges to the government for the transportation of its property would not be in excess of the lowest net rate available to it, and upon the voucher certificates of the defendant that this was so as to each charge made and collected. The action of the United States, in the nature of an action for money had and received, was for the simple restitution of the overcharges induced by defendant's unfounded claim and certificate. U. S. v. Borin, 5 Cir., 209 F.2d 145.

For the same reason and upon the same authority, there is no merit in appellant's contention that the statutory limitation has barred the claim. Plaintiff did not invoke the statute, and, as sovereign, it is not subject in its general actions to the bar of limitation.

Finally, we think it clear that no showing is made of an abuse of discretion in the refusal of the continuance, that, indeed, its refusal was well within the court's discretion.

The judgment is affirmed.