**T.I.M.E. FREIGHT, INC., Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**Civ. No. CA–5–452.**

United States District Court
N. D. Texas,
Lubbock Division.

April 17, 1969.

See also D.C., 302 F.Supp. 575.

W. D. Benson, Jr., Frank M. Garrison, Lubbock, Tex., for plaintiff.

Alex H. McGlinchey, Asst. U. S. Atty., Fort Worth, Tex., for defendant.

MEMORANDUM OPINION

WOODWARD, District Judge.

T.I.M.E. Freight, Inc., plaintiff, asks for judgment against the United States of America, defendant, for additional sums due under the terms of contracts (Government Bills of Lading) for freight shipments.

Counsel for each party have filed Stipulation of Facts and briefs agreeing that this case would be decided by the Court on the basis of such stipulations and without further hearing. The Stipulation of Facts so filed will be here adopted and are here ordered filed as this Court's Findings of Fact.

The question to be decided is whether the plaintiff can recover on the basis of a 7500 lb. minimum or on the basis of a 1000 lb. minimum as claimed by the defendant.

The identical fact situation presented in this case was before The United States Court of Claims in McLean Trucking

Company, Inc. v. United States, 387 F.2d 657, 181 Ct.Cl. 170. For a ready comparison, these facts are:

(1) In each case the shipment was Class A explosives of less-than-truckload shipments.

(2) In McLean there was no through rate from the point of origin to the point of delivery, and it was necessary to use the Rocky Mountain Motor Tariff Bureau Tariff to Memphis and a separately established rate from Memphis to the delivery point. In this case (T.I.M.E. Freight, Inc.) the Rocky Mountain Motor Freight Tariff was to be used to Memphis and Southern Motor Carrier Tariff beyond Memphis to destination, and there was no through single factor rate from origin to destination.

The Rocky Mountain Tariff, applicable to both cases, contains a rule in Item 932, which reads as follows:

"Except as provided in NOTE 1 below, the minimum charge on any shipment containing Class A or B Explosives, as described in American Trucking Associations, Inc., Agent, Explosives and Dangerous Articles Tariff 11, MF-ICC 12, revisions thereto or successive issues thereof, moving under rates named in tariffs made subject to this tariff, will be the charge for 7,500 pounds at the LTL or AQ rate applying to the highest rated Class A or B explosive in the shipment.

"NOTE 1:—On traffic which moves from origin to destination via any one of the carriers shown below, or via any combination of carriers shown below, the minimum charge on any shipment containing Class A or B explosives, as described in American Trucking Associations, Inc., Agent Explosives and Dangerous Articles Tariff 11, MF-ICC 12, revisions thereto or successive issues thereof, moving under rates named in tariffs made subject to this tariff, will be the charge for 1,000 pounds at the LTL or AQ rate applying to the highest rated Class A or B explosive in the shipment:"

(3) In both the McLean fact situation and that situation presented to this Court, the motor carriers transporting the explosives between points of origin and Memphis were listed in Note 1, but all of the carriers from Memphis to destination were not listed in Note 1 in either case.

## CONCLUSIONS OF LAW

The close parallel of the facts in each of these cases compels this Court to follow the decision in McLean.

### I.

The unambiguous intent of the above quoted Item 932, is to provide that the minimum charge on Class A or B explosives will be the charge for 7,500 lbs. There is an exception to this minimum set forth in Note 1 (supra). In this exception, the defendant would be given the benefit of a minimum charge at the rate of 1000 lbs., *provided* that the movement was from origin to destination via Carriers (or combination of Carriers) all of which were listed in Note 1. There is another limitation in Note 1 which it is unnecessary to discuss in this case.

In neither McLean nor this case were all of said carriers named or listed in Note 1. The contention is made in each case that the word "destination" as used in Note 1 means Memphis and not the point beyond Memphis where such goods were ultimately delivered.

### II.

McLean clearly holds, as so does this Court, that "destination" as used in Note 1 is the place designated for the ultimate unloading of the shipment (which is beyond Memphis), and that "destination" does not mean the destination or limits of the rates in the Rocky Mountain Tariff.

### III.

Therefore, since carriers were used in transporting the shipment from origin to Earle, New Jersey ("destination"), and which carriers were not all named in Note 1, the 7500 lb. rate would be the minimum charge for the shipments involved

in the example set forth in the Stipulation, which counsel have agreed is controlling as to all items set forth in Exhibit "A" to Plaintiff's Complaint.

## IV.

■ The defendant has also plead limitations to at least a portion of any recovery that might be awarded plaintiff. We believe this plea to be good and should be sustained.

It is apparent from the record that plaintiff billed the defendant for sums which are less than the amounts now claimed by the plaintiff to be the proper charge. The defendant paid the amount so billed and later deducted (from other shipment charges) sufficient funds so as to give the defendant the benefit of a 1000 lb. minimum rate. The shipments were made, the invoice for payments submitted, and the payments were each made more than three years prior to the filing of this suit. The deductions by the government were made within a three year period prior to the filing of the suit.

The limitation statute which is controlling is Sec. 7 of 49 U.S.C.A. § 304a, which reads in part as follows:

"* * * the periods of limitation herein provided shall be extended to include three years from the date of (A) payment of charges for the transportation involved, or (B) subsequent refund for overpayment of such charges, or (C) deduction made under section 66 of this title, whichever is later."

## V.

Plaintiff was entitled to receive its full compensation, based on a 7500 lb. minimum, at the time it billed defendant and at the time payment was received for the charges, which was beyond the three year period. Plaintiff at that time had its cause of action for the full amount now claimed, and its failure to file its action within such three years precludes recovery for any amounts claimed over and above the amount paid by defendant. Plaintiff can recover for the amounts improperly deducted by the defendant as such deductions were made less than three years prior to the filing of the suit, and it was not until such deductions were made that plaintiff had a cause of action to recover the deductions.

## VI.

In accordance with the Stipulation of the parties plaintiff will be given judgment against defendant in the sum of $6,667.88.

In a similar action, by and between the same parties, a stipulation has been entered into that this decision will be controlling as to item 7 in Cause No. CA 5–519, and this opinion will dispose of that portion of Cause No. CA 5–519.

See also D.C., 302 F.Supp. 573.