**ERIE LACKAWANNA RAILWAY COMPANY**

v.

**The UNITED STATES.**

**No. 356–69.**

United States Court of Claims.
March 19, 1971.
As Amended June 28, 1971.

Martin Sterenbuch, Washington, D.C., attorney of record, for plaintiff.

John Charles Ranney, Washington, D. C., with whom was Asst. Atty. Gen., L. Patrick Gray, III, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON, and NICHOLS, Judges.

ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

COWEN, Chief Judge.

This transportation case comes before the court on defendant's motion for summary judgment. The question to be decided is whether part of plaintiff's claims are barred by the statute of limitations provisions contained in 49 U.S.C. § 16(3) (1964). Resolution of the dispute requires an interpretation of 49 U. S.C. § 16(3) (i), which was made a part of the section by amendment in 1958.[1] Section 16(3) now provides in relevant part:

(3) *Limitation of actions.*

(a) All actions at law by carriers subject to this chapter for recovery of their charges, or any part thereof, shall be begun within three years from the time the cause of action accrues, and not after.

\* \* \* \* \* \*

(e) The cause of action in respect of a shipment of property shall, for the purposes of this section, be deemed to accrue upon delivery or tender of delivery thereof by the carrier, and not after.

\* \* \* \* \* \*

(i) The provisions of this paragraph (3) shall extend to and embrace all transportation of property or passengers for or on behalf of the United States in connection with any action brought before the Commission or any court by or against carriers subject to this chapter: *Provided, however,* That with respect to such transportation of property or passengers for or on behalf of the United States, the periods of limitation herein provided shall be extended to include three years from the date of (A) payment of charges for the transportation involved, or (B) subsequent refund for overpayment of such charges, or (C) deduction made under section 66 of this title, whichever is later.

\* \* \* \* \* \*

The pertinent facts are not in dispute. Plaintiff, a Delaware corporation, is a common carrier by railroad engaged in interstate commerce over its own lines and jointly with other common carriers. During 1965 and 1966, plaintiff per-

1. P.L. 85–762, August 26, 1958, 72 Stat. 859.

formed freight transportation services for defendant. Plaintiff was prepaid for each shipment by a commercial shipper whom defendant reimbursed on the basis of certain export rates, plus port additives. All of the payments were made to plaintiff more than three years prior to August 22, 1969, when plaintiff filed its petition in this court, the latest payment having been made on June 16, 1966.

Subsequent to being paid, plaintiff submitted supplemental bills to the General Accounting Office, claiming that the higher domestic rates should have governed the shipments. The General Accounting Office denied payment of the supplemental bills and also deducted $3,063.54 from other moneys owed plaintiff. The deductions were based on lower combinations of the export rates which the General Accounting Office decided were applicable as a result of its audit. All of the deductions were made within three years prior to the filing of the petition. In its petition plaintiff demands $13,496.05, which it claims to be the additional freight charges due on the basis of the applicable tariffs on file with the Interstate Commerce Commission.

Defendant's position is that all of plaintiff's claims, except the amounts deducted by the General Accounting Office, are barred by the statute of limitations, because the suit was not brought within three years from the date of payment.

The keystone of the Government's position is its interpretation of 49 U.S.C. § 16(3) (i). Under 49 U.S.C. § 16(3) (e), a carrier's right to sue for transportation services accrues at delivery or tender of delivery. Defendant contends that 49 U.S.C. § 16(3) (i) extends the period of limitations to three years from the date of payment for defendant to

collect an overcharge or plaintiff to sue for an undercharge.[2] If there is a subsequent refund for overpayment or an administrative deduction made under 49 U.S.C. § 66 (1964), defendant interprets section 16(3) (i) as further extending the statute for three years from such action only to permit plaintiff to sue to recover the refund or deduction. Defendant argues that, since a refund or deduction gives rise to a separate cause of action, plaintiff may not assert claims which exceed the amount of the refund or deduction when the suit is brought more than three years after payment. Defendant maintains that its position is supported by the legislative history and the case law both prior and subsequent to the 1958 amendment.

Plaintiff's position is that 49 U.S.C. § 16(3) (i) extends plaintiff's right to sue on the cause of action for the amounts due at the rates provided in the applicable tariffs for a period of three years from the date the deductions were made.

For the reasons stated below, we conclude that plaintiff's suit is timely in respect to the claims based on all the bills of lading in suit. As we read 49 U.S.C. § 16(3) (i), the statute does not limit plaintiff's recovery to the amounts deducted by the General Accounting Office.

### I

We note at the outset that defendant concedes that a carrier's cause of action for undercharges is extended by § 16(3) (i) to include three years from the date of payment. If we rest entirely upon a reading of the plain language of the 1958 amendment, we would have to conclude that subsection (3) (i) of 49 U.S. C. § 16 relates to the cause of action referred to in subsection (3) (e) and that the three-year statute applicable to suits

---

2. An overcharge is defined by 49 U.S.C. § 16(3) (g) which states:

"The term 'overcharges' as used in this section shall be deemed to mean charges for transportation services in excess of those applicable thereto under the tariffs

lawfully on file with the commission." An undercharge is the opposite of an overcharge. See Bowser and Campbell v. Knox Glass, Inc., 390 F.2d 193 (3rd Cir.), cert. denied, 392 U.S. 907, 88 S.Ct. 2061, 20 L.Ed.2d 1365 (1968).

filed on that cause of action is also extended, in the case of transportation for the Government, for three years from the date of a refund by the carrier or from the date of an administrative deduction by the Government. We think this construction is preferable, because the three events mentioned in the proviso of subsection (3) (i) as extending the statute of limitations—"payment of charges," "subsequent refund for overpayment," or "deduction made under section 66 of this title"—are followed by the phrase "whichever is later." It seems clear that this final phrase in the subsection applies equally to each of the three events which operates to extend the time for filing suit on the carrier's cause of action for the recovery of charges due under the applicable tariffs —a cause of action which accrued upon delivery.

## II

Before turning to the legislative history, it may be helpful to examine the law as it existed before the 1958 amendments. Prior to Public Law 85–762, a private carrier could bring suit against the Government for recovery of transportation charges within six years under the statute of limitations applicable to Tucker Act suits filed in this court, 28

U.S.C. § 2501 (1964). It was settled that, under that statute, the cause of action accrued at delivery. Baggett Transp. Co. v. United States, 319 F.2d 864, 868, 162 Ct.Cl. 570, 578 (1963). Before the 1958 amendment, the Interstate Commerce Commission limited actions by the Government for overcharges or for reparations to a two-year period after accrual of the cause of action. For this reason, the Government generally recovered overcharges or reparations by administrative deductions from amounts otherwise due the carrier. These deductions were made pursuant to 49 U.S.C. § 66, which fixed no time limit on the Government's right to make deductions. Prior to the 1958 amendment, the Government often made deductions long after the six-year statute affecting the carriers had expired.

The purpose of the 1958 amendment was to establish equality of treatment between the Government and private carriers in respect to statutes of limitations.[3]

In furtherance of this purpose, Congress, among other things, amended 49 U.S.C. § 16(3), to make it expressly applicable to Government transportation and to provide that the period during which suits for overcharges or undercharges may be brought by or against

---

3. The legislative purpose is well summarized in H.R.Rep.No.2346, 85th Cong., 2d Sess. (1958), which accompanied the final version of H.R. 8742, as follows:
 "PURPOSE OF BILL
 "The purpose of the bill is to amend the Interstate Commerce Act to provide a uniform statute of limitations on actions involving transportation of property and passengers applicable to the United States Government as well as to other shippers.
 "In the President's Memorandum of Disapproval of S. 906 (applying to the finality of rates negotiated under sec. 22) dated September 2, 1954, he stated:
 "I see no reason why the Government should not be subject to the same limitations on retroactive review of its freight charges as the commercial shipper. That result could be accomplished equitably by an amendment to section 16(3) of the Interstate Commerce Act specifying that the Government shall be subject to the

2-year limitation presently applicable to commercial shippers. The Government would then be on exactly the same basis under that section as all other shippers. and existing inequities in the present rate-making relationships between the Government and the common carriers would be removed. I recommend that such legislation be enacted at the next session of the Congress.
 "The proposed amendment for uniformity in the limitations on these actions is needed in view of the state of the law and the inequities that exist under the present unequal periods of limitation under the Interstate Commerce Act and the Transportation Act of 1940 and the need to prevent undue and unreasonable delays in the submission of controversies to the Interstate Commerce Commission or the courts which involve disputes between the Government and the carriers arising under the Interstate Commerce Act.
 * * * *"

the Government is three years from the date of payment, the date of a refund by the carrier, or the date of a deduction by the Government, whichever is later. 49 U.S.C. § 66 was also amended to limit the period during which administrative deductions for overcharges could be made to three years from the time of payment.[4]

In respect to the legislative history, defendant argues that the intention to limit plaintiff's right to recover undercharges to three years from the date of the payment is manifest from committee amendments to the bills originally introduced in both the Senate and the House. Because of the requirement of 49 U.S.C. § 66 that carriers be paid upon presentment of bills, prior to Government audit, it was originally proposed that the cause of action for charges on Government freight would accrue later than in the case of private transportation. H.R. 8742, as originally introduced, would have amended 49 U.S.C. § 16(3) (e) to provide:

(e) The cause of action in respect of a shipment of property shall, for the purposes of this section, be deemed to accrue upon delivery or tender of delivery thereof by the carrier and not after. *With respect to the transportation of property or passengers for or on behalf of the United States, the cause of action shall be deemed to accrue upon the date of payment of the charges for the transportation involved or upon the date of subsequent collection for overcharges made by the United States, whichever is later.* [Proposed amendment italicized]. [H.R.Rep. No. 2346, 85th Cong., 2d Sess. (1958) pp. 19, 20]

The Senate report, accompanying S. 377 as it was originally reported, stated:

A slight change as compared with the current terms of the law is considered necessary, however. Under the present provisions of the Interstate Commerce Act, the cause of action is deemed to accrue upon delivery or tender of delivery by the carrier. The committee is of the belief that for the transportation of property or passengers for or on behalf of the Government, the cause of action should accrue on the date of payment of the charges for the transportation involved, or on the date of a subsequent deduction by the Government for payments deemed in excess of those properly applicable under tariffs lawfully on file with the Interstate Commerce Commission, or in excess of those established under section 22 of the Interstate Commerce Act.

\* \* \* \* \* \*

[S.Rep. No. 334, 85th Cong.2d Sess. (1958)]

Defendant correctly points out that this language was not adopted, because members of industry, including Mr. Harry J. Breithaupt, General Attorney for the Association of American Railroads, expressed dissatisfaction with the

4. 49 U.S.C. § 66, as amended by P.L. 85–762, provides in relevant part:

"§ 66. Government traffic; payment for transportation; deduction of overcharges

"Payment for transportation of the United States mail and of persons or property for or on behalf of the United States by any common carrier subject to the Interstate Commerce Act, as amended, or the Civil Aeronautics Act of 1938, shall be made upon presentation of bills therefor, prior to audit or settlement by the General Accounting Office, but the right is reserved to the United States Government to deduct the amount of any overcharges by any such carrier from any amount subsequently found to be due such carrier. The term 'overcharges' shall be deemed to mean charges for transportation services in excess of those applicable thereto under the tariffs lawfully on file with the Interstate Commerce Commission and the Civil Aeronautics Board and charges in excess of those applicable thereto under rates, fares, and charges established pursuant to section 22 of this title: *Provided, however, That such deductions shall be made within three years (not including any time of war) from the time of payment of bills:* \* \* \* (Emphasis added).

proposed language.[5] They were concerned that it might have the unintended effect of precluding a carrier from bringing suit if the Government refused to make payment, because in that event the cause of action would never accrue. Defendant concedes that had 49 U.S.C. § 16(3) (e) been so amended, a carrier's cause of action for undercharges would not accrue until the date of payment or the date the Government collects for overcharges, whichever is later.

A full examination of Mr. Breithaupt's statement indicates, however, that he fully supported provisions which would extend the statute of limitations in respect to Government transportation. After suggesting that there be no amendment to section 16(3) (e), he proposed that the following proviso be added to a new section 16(3) (i) of the Act covering transportation for or on behalf of the Government.

> *Provided, however,* That with respect to such transportation of property or passengers for or on behalf of the United States, the periods of limitation herein provided shall be extended to include two years from the date of (1) payment of charges for the transportation involved or (2) subsequent collection for overpayment of such charges or (3) deduction made under section 322 of the Transportation Act of 1940 (49 U.S.C. 66), whichever is later.

As we read his statement, Mr. Breithaupt said that with this provision, the carrier's cause of action would accrue at the time of delivery under section 16(3) (e), but that the time to file suit thereon would be extended by either of the three events stated in section 16(3) (i). In comparing this proviso with the originally proposed amendment to section 16(3) (e), Mr. Breithaupt stated:

> Let me repeat, as I stated earlier, that this proposal is not designed in any

way to obstruct or alter in any way what we believe to have been the true intention of the authors of the bills before you. It is advanced with the sole object of perfecting the bills.

From the similarity in language, it appears that with minor modification, this proposal was enacted as part of 49 U.S. C. § 16(3) (i). Thus, this portion of the legislative history does not support defendant's position.

Further support for the interpretation urged by plaintiff is found in that portion of the House report which explains the committee amendments to H.R. 8742. The report states:

### COMMITTEE AMENDMENT
*Section 1*

Amends sections 16(3), 204a, 308(f), and 406a of the Interstate Commerce Act to provide a uniform period for the recovery of overcharges and undercharges on both private and Government shipments. This is upped from 2 to 3 years for the private shipper; reduced to 3 years for the Government; upped from 2 to 3 years for the carrier as against the private shipper, and reduced from 6 to 3 years for the carrier as against the Government.

In view of the payment before audit requirement on Government shipments, the amendment also defines the cause of action as accruing on this type of transportation upon (*a*) payment of charges for the transportation involved, or (*b*) subsequent refund for overpayment of such charges, or (*c*) deduction made under section 322, whichever is later. [H.R.Rep. No. 2346, 85th Cong., 2 Sess. (1958) p. 5]

We conclude, therefore, that the intent of Congress was to have the cause of action for the recovery of transporta-

---

5. Defendant cites the statement of Harry J. Breithaupt, Jr., General Attorney, Association of American Railroads, which is printed in Hearings on H.R. 8742, H.R. 8743 and S. 377 Before the Subcommittee on Transportation and Communications of the House Committee on Interstate and Foreign Commerce, 85th Cong., 2d Sess. (1958), April 30, 1958.

tion charges accrue at the time of delivery as provided by 49 U.S.C. § 16(e). We also conclude that with respect to transportation for the Government, 49 U.S.C. § 16(3) (i) was intended to extend the three-year statute of limitations contained in subsection (3) (a) for filing suit on the same cause of action for three years from the later of the three events specified in subsection 3(i).[6]

### III

 Defendant argues that, since the legislative purpose was to establish equality of treatment between the carriers and the Government, Congress intended that both parties have three years from the date of payment to recover overcharges or undercharges. Since 49 U.S.C. § 66 precludes the Government from deducting for overcharges more than three years after the date of payment, defendant says that the adoption of plaintiff's view would place the Government in an unequal position. This is so, defendant argues, because the carrier would have the right to sue within three years from the date of a deduction by the Government for the full amount of the lawful charges that accrued on the date of delivery, whereas the Government would be barred from claiming overcharges not previously deducted. This contention is apparently based on the belief that 49 U.S.C. § 16(3) (i) limits the Government's right in a suit by the carrier to a defense of the deductions previously made. If we understand this argument, we reject it on the ground that it confuses the Government's right to make deductions under 49 U.S.C. § 66 with its right to sue for the recovery of overcharges under 49 U.S.C. § 16(3) (i). But an administrative deduction is not the equivalent of a lawsuit to recover overcharges. *Flying Tiger Line, Inc. v. United States,* 170 F.Supp. 422, 145 Ct.Cl. 1 (1959). It is clear that the proviso in section 16(3) (i) covers actions brought before any court "by or against carriers." Consequently, we think the Government also has the right to bring an action at law to recover overcharges, as defined in Public Law 85–762, within three years from the later of the three events specified in subsection (3) (i). A party may generally assert a counterclaim if he has a legally subsisting cause of action upon which he could have maintained an independent suit. *Flying Tiger Line, supra,* 170 F.Supp. 425, 145 Ct.Cl. 7. Defendant claims that there are overcharges due it on the bills of lading sued upon by plaintiff but that these overcharges were not deducted pursuant to 49 U.S.C. § 66. Since we have decided that plaintiff has filed a timely suit for the recovery of the full amount of undercharges claimed to be due under the applicable tariffs, we hold that defendant may within three years of the date of the deduction, assert a counterclaim for these claimed overcharges. Such a counterclaim arises out of the same transaction as the subject matter of the petition and is a compulsory counterclaim under our Rule 40(a).[7]

### IV

In arguing that when a carrier sues to recover transportation charges within

---

6. We note that the only comment we have found on this point apparently agrees with our interpretation. *See* Cimokowski, Time Limits in Government Transportation Cases, 36 I.C.C.Prac.J. 1294, 1295 (1969). With reference to § 16(3) (i), the article states:
 " * * * Because of the different features in the system of paying, auditing, and adjusting carrier bills on Government transportation, additional events were included as starting points for the running of the limitations." *Id.* p. 1295.

7. Chicago, Burlington & Quincy RR v. United States, 73 Ct.Cl. 250 (1931), cert. denied, 287 U.S. 599, 53 S.Ct. 12, 77 L. Ed. 522 (1932), held that the Government does not necessarily have to file a counterclaim arising out of the same transaction as the carrier's claim. That case was decided long before the adoption of the present rules of the court, has been superseded by the rules, and is no longer applicable in the practice before this court.

three years from the date of a deduction by the Government, the carrier's cause of action is limited to a recovery of the deduction, defendant relies heavily on our decision in Baggett Transp. Co., *supra*, a case in which the applicable statute of limitations was 28 U.S.C. § 2501. This reliance is unfounded. As previously stated, we held in *Baggett* that the carrier's cause of action accrues upon delivery and that a suit to recover undercharges is barred by 28 U.S.C. § 2501 unless filed within six years from the date of delivery. However, 28 U.S.C. § 2501, unlike Public Law 85–872, contains no provision which extends the time for filing a suit to recover the undercharges for a period of three years from the date of a deduction. Therefore, the language in *Baggett* quoted by defendant, as well as the earlier Court of Claims cases on which the decision was based, has no application to a carrier's suit governed by 49 U.S.C. § 16(3) (i).

## V

We recognize that our holding is in conflict with a decision on the same point in T.I.M.E. Freight, Inc. v. United States, 302 F.Supp. 573 (N.D.Texas 1969). With deference and after careful consideration, we cannot agree with the ruling on the point in that case. The District Court construed the language contained in 49 U.S.C. § 304(a), which is similar in essential respects to 49 U.S.C. § 16(3) (i), in a memorandum opinion which does not set forth the rationale for the court's conclusion.

## VI

Defendant's motion for summary judgment is denied but defendant is granted leave to file, within 30 days from this date, a counterclaim for the overcharges it claims are due the Government in excess of the amounts de-

ducted on the shipments in issue. The case is remanded to the trial commissioner for trial or other disposition of the case on the merits.