**CENTRAL CALIFORNIA TRACTION COMPANY**

*v.*

**The UNITED STATES.**

No. 252–76.

United States Court of Claims.

March 21, 1979.

Martin Sterenbuch, Washington, D. C., for plaintiff; Gajarsa, Liss & Sterenbuch, Washington, D. C., of counsel.

Emory John Bailey, Wheaton, Md., with whom was Asst. Atty. Gen. Barbara Allen Babcock, Washington, D. C., for defendant; John Charles Ranney, Washington, D. C., of counsel.

Before FRIEDMAN, Chief Judge, COWEN, Senior Judge, and SMITH, Judge.

## OPINION

COWEN, Senior Judge:

The sole issue in this transportation case is whether a permissive counterclaim filed by the Government is barred by the statute of limitations. Resolution of the dispute requires an interpretation of the provisions of 49 U.S.C. § 16(3). These provisions were made a part of the Interstate Commerce Act by Pub.L. 85–762 enacted August 26, 1958 (72 Stat. 859).

Defendant contends that section 16(3)(c) is applicable and therefore that its counterclaim was timely filed. Plaintiff argues that the provisions of section 16(3)(i) govern and consequently that the counterclaim is barred by defendant's failure to file its counterclaim within the period therein specified. For the reasons set forth below, we conclude that defendant's interpretation is correct and that it is entitled to recover on its counterclaim.

### I.

To the extent pertinent, 49 U.S.C. § 16(3) provides:

§ 16, par. (3). *Limitation of actions.* (a) All actions at law by carriers subject to this chapter for recovery of their charges, or any part thereof, shall be begun within three years from the time the cause of action accrues, and not after.

\* \* \* \* \* \*

(c) For recovery of overcharges action at law shall be begun or complaint filed with the commission against carriers subject to this chapter within three years from the time the cause of action accrues, and not after, subject to subdivision (d) of this paragraph, except that if claim for the overcharge has been presented in writing to the carrier within the three-year period of limitation said period shall be extended to include six months from the time notice in writing is given by the carrier to the claimant of disallowance of the claim, or any part or parts thereof, specified in the notice.

(d) If on or before expiration of the two-year period of limitation in subdivision (b) of this paragraph or of the three-year period of limitation in subdivision (c) of this paragraph a carrier subject to this chapter begins action under subdivision (a) of this paragraph for recovery of charges in respect of the same transportation service, or, without beginning action, collects charges in respect of that service, said period of limitation shall be extended to include ninety days from the time such action is begun or such charges are collected by the carrier.

\* \* \* \* \* \*

(i) The provisions of this paragraph (3) shall extend to and embrace all transportation of property or passengers for or on behalf of the United States in connection with any action brought before the Commission or any court by or against carriers subject to this chapter: *Provided, however,* That with respect to such transportation of property or passengers for or on behalf of the United States, the periods of limitation herein provided shall be extended to include three years from the date of (A) payment of charges for the transportation involved, or (B) subsequent refund for overpayment of such charges, or (C) deduction made under section 66 of this title, whichever is later.

### II.

All of the material facts have been stipulated. During the period from 1969 to 1973, plaintiff, a common carrier by railroad in interstate commerce, performed transportation services for defendant on shipments originating from various points in the United States and destined to points on plaintiff's line. It is undisputed that plaintiff is due the sum of $1,574.64 on these shipments.

Defendant filed its answer March 21, 1977, including a permissive counterclaim for overcharges in the amount of $5,751.96. Plaintiff does not dispute defendant's method in calculating the amount of the over-

charges, but argues that the counterclaim is barred by 49 U.S.C. § 16(3)(i), since the counterclaim was filed more than 3 years from the date of payment. The four shipments which were the subject of defendant's counterclaim moved between November 1, 1972, and August 7, 1973. Plaintiff was paid for this transportation on May 1, 1973, May 31, 1973, and December 3, 1973.

Between April 22, 1974, and May 5, 1975, plaintiff was sent a Notice of Overcharge on each of the four shipments. The notices contained a statement of the applicable charges as determined by the General Accounting Office and a computation of the overcharge due the United States. Plaintiff received all of these notices within 3 years from the date of payment of the freight charges, but plaintiff never gave written notice to the Government that it disallowed any of the claimed overcharges.

It is defendant's position that the statute of limitations had not expired on March 21, 1977, when its permissive counterclaim was filed, because plaintiff failed to give notice in writing that it disallowed the claim for overcharges. Defendant says that in such circumstances, the period of limitation is specifically extended by the provisions of 49 U.S.C. § 16(3)(c).

### III.

 The precise issue in this case has been decided in favor of the Government in a recent decision by the United States District Court for the Eastern District of New York. *United States v. Pan American Van Lines,* 425 F.Supp. 836 (1977). The court there held that the language of section 16(3)(i) does not impose a strict 3-year limitation with only the adjustments made by the (A), (B), and (C) clauses, and that the provisions of section 16(3) apply to all transportation for the Government in connection with any action brought by or against common carriers. The court declared that the use of the expression "three years" in subsection (i) is not "grammatically a supersession" of the "periods of limitation herein provided," but is instead a reference back to the 3-year period provided in subsections (a)

and (c). The court further held there was nothing in the legislative history of the 1958 Act or the statute to support an inference that the Congress intended to make unavailable to the Government the provisions of subsection (c). We agree with these legal conclusions of the district court. However, there were certain facts before the court in that case which are not present in this case. Therefore, it is not necessary for us to concur in all portions of the district court's opinion in order to decide the issue involved here. Moreover, we think a more detailed consideration of the legislative history would be helpful to a decision in this case.

### IV.

 Although it cannot be said that the legislative history of the 1958 Act is so clear and explicit that it settles the issue in favor of the defendant, we think that, on the whole, the committee reports and the hearings strongly suggest a result in favor of the defendant.

Congress found that changes in the law were necessary in view of the "inequities that exist because of the present unequal periods of limitation" for actions under the Interstate Commerce Act. [*U.S.Code Cong. and Admin.News,* 85th Cong., 2d Sess. vol. 2, p. 3926.] The legislative purpose in the enactment of Pub.L. 85–762 was stated in the House Report as follows:

> The purpose of the bill is to amend the Interstate Commerce Act to provide a uniform statute of limitations on actions involving transportation of property and passengers applicable to the United States Government as well as to other shippers. H.R.Rep. 2346, 85th Cong., 2d Sess. (1958), p. 3.

The manner in which this objective was accomplished is explained in the same House Report at page 5:

> *Section 1*
>
> Amends sections 16(3), 204a, 308(f), and 406a of the Interstate Commerce Act to provide a uniform period for the recovery of overcharges and undercharges on both

private and Government shipments. This is upped from 2 to 3 years for the private shipper; reduced to 3 years for the Government; upped from 2 to 3 years for the carrier as against the private shipper, and reduced from 6 to 3 years for the carrier as against the Government.

Congress also amended 49 U.S.C. § 66 to limit the period during which administrative deductions for overcharges could be made to 3 years from the date of payment.

The only change which Pub.L. 85–762 made in section 16(3)(c) was to substitute "three years" for "two years." This provision, which extends the period of limitation for 6 months from the date of the carrier's written disallowance of a claimed overcharge, has been a part of the Interstate Commerce Act for many years. Prior to the 1958 amendment there was a division of authority as to whether the subsection applied to the Government. The Interstate Commerce Commission held that it did. *United States of America v. A. & W. Ry. Co.*, 294 I.C.C. 5, 12 (1955); *United States of America v. Southern Ry. Co.*, 286 I.C.C. 203 (1952). In *Atlantic Coast Line RR Co. v. United States*, 140 F.Supp. 569, 136 Ct.Cl. 1 (1956), this court agreed, but also held that since 49 U.S.C. § 66 placed no time limit on the right of the Government to deduct the amount of any overpayment from amounts subsequently found to be due a carrier, the Government's right of setoff was not barred by 49 U.S.C. § 16(3)(c). Two of the circuit courts held that subsection (c) was not applicable to the Government prior to the 1958 amendments. *United States v. DeQueen and Eastern RR Co.*, 271 F.2d 597 (8th Cir. 1959); *Shutt v. United States*, 218 F.2d 10 (5th Cir. 1954), *cert. denied* 350 U.S. 822, 76 S.Ct. 48, 100 L.Ed. 734 (1955). In *United States v. Western Pacific RR Co.*, 352 U.S. 59, 71, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956), the Supreme Court assumed without deciding that subsection (3)(c) applied to an affirmative suit by the Government before the Interstate Commerce Commission to recover overcharges from a carrier.

The Senate Report accompanying S. 377 in Part IV, entitled "Changes in Law Deemed Necessary" stated:

Therefore, the committee recommends that section 16(3) of part I of the Interstate Commerce Act, applicable to railroads, and other similar provisions in parts II, III, and IV, applicable to motor carriers, water carriers, and freight forwarders, respectively, should be amended in order that a 2-year statute of limitations will apply, as it does now to commercial shippers and to carriers, in substantially the same fashion to the Government and to carriers. *U.S.Code Cong. and Admin.News*, 85th Cong., 2d Sess., (1958), vol. 2, p. 3926.

In reliance on the Senate Report, the Eighth Circuit concluded that the 1958 amendment made section 16(3)(c) applicable to the Government. In *United States v. DeQueen and Eastern RR Co.*, 271 F.2d at 602, n. 1, the court said:

It should be noted that Congress, in amending Section 16(3) in 1958, made it expressly applicable to the United States, and limited the Government's right of action for the recovery of overcharges, either by action or setoff, to three years. The legislative history of the amendment appears in U.S. Code Congressional and Administrative News, 85th Congress, Second Session 1958, Vol. 2, pages 3924–3927. It indicates that the congressional intent to subject the Government to the two-year limitation of Section 16(3)(c) had not been made "clearly manifest" prior to the amendment.

Section 16(3)(i) was added as an entirely new provision in the 1958 Act. In *Erie Lackawanna Ry. v. United States*, 439 F.2d 194, 194 Ct.Cl. 504 (1971), we discussed the legislative history of the 1958 amendments, but since our attention was focused on 49 U.S.C. § 16(3)(i), we did not refer specifically to section 16(3)(c). However, we pointed out that in Senate Report No. 334, referred to above, the Senate Committee expressed the belief that existing law with respect to the transportation of property or passengers for the Government should be amended to provide that the cause of action should accrue on the date of payment of the

transportation charges or on the date of a subsequent deduction by the Government for claimed overcharges. As stated in that decision, the proposed amendment was not adopted, because representatives of the carriers, including Mr. Harry J. Breithaupt, general attorney for the American Association of Railroads, objected. He stated during the hearing on the bill that the proposal might have the unintended effect of precluding a carrier from bringing suit if the Government refused to make payment, because in that event, the cause of action would never accrue. He suggested language which was substantially adopted and now appears in section 16(3)(i). It was his belief that with the approval of his suggestion, the carriers' cause of action would normally accrue at the time of delivery as provided in section 16(3)(e), but that the time to file suit thereon would be extended by any of the three events set forth in section 16(3)(i). We think this portion of the legislative history shows that section 16(3)(i) was enacted at the request and primarily for the benefit of common carriers and was not intended to render section 16(3)(c) inapplicable to actions by the Government.

## V.

In *Sacramento Northern Ry. v. United States*, 208 Ct.Cl. 995 (1975), we held that defendant's counterclaims were barred by the provisions of 49 U.S.C. § 16(3)(d), because they were not filed within 90 days from the date the plaintiff's petition was filed. Although that case involved a compulsory counterclaim growing out of the shipments which were the subject of the carrier's suit, the decision at the least indicates that section 16(3)(i) does not exclude the application to the Government of other provisions of section 16(3).

## VI.

It follows from the foregoing opinion that plaintiff is entitled to recover $1,574.64 and that defendant is entitled to recover $5,751.96 on its counterclaim. Judgment is therefore entered in favor of the defendant in the net amount of $4,177.32.